Hamill v. Nat'l Riverside Co.          CV-94-28-SD    01/11/96
                UNITED STATES DISTRICT COURT FOR THE

                        DISTRICT OF NEW HAMPSHIRE


Stephen Hamill, individually
 and as p/n/f of Starla Hamill


            v.                                  Civil No. 94-28-SD

National Riverside  Company;
Scheu Products, Inc.


                        O R D E R


      Plaintiffs move to preclude expert testimony of a witness

proffered by defendants.  Document 13.  Defendant objects.

Document 14.[1]


1.  Background

      At a preliminary pretrial held before Magistrate Judge Barry

in October 1994, the deadline for discovery of defendants'

liability experts was set at August 1, 1995.  Document 10.  A

subsequent court order extended this date to September 1, 1995.

Document 12.

_____

      [1]Plaintiffs have also filed a response to the defendants'
objection.  Document 15.

On October 2, 1995, defendant identified two liability witnesses and a medical expert. The cover letter for this disclosure also purported to reserve to defendant the right to call Donald Haney, its Director of Product Engineering, to testify as both a factual and an expert witness. Document 13, Exhibit A. Plaintiff responded on October 11, 1995, to the effect that unless Haney's expert report complying with Rule 26, Fed. R. Civ. P., was received by October 31, 1995, plaintiff would move to preclude his testimony. Id., Exhibit B.

On October 31, 1995, plaintiff received from defendants Haney's curriculum vitae and his "technical report".[2] Id., Exhibit C. Again, the cover letter stated defendants' intent to reserve their right to elicit further opinions from Haney. Id. On November 9, 1995, plaintiff responded that if defendants intended to elicit testimony from Haney that went beyond his October 1995 report, plaintiff needed "to be apprised of those opinions." Id., Exhibit D.

Defendants' apparent response was to the effect that plaintiff should depose Haney. Plaintiff then filed the instant motion to preclude expert testimony from Haney.

---

[2]Haney's "technical report" is fairly cursory and purports only to contradict opinions apparently stated by the plaintiff's expert.

## 2. Discussion

Defendant correctly points out that for the period December 1993 to January 1, 1996, this federal district had "opted out" of certain of the 1993 amendments to Rule 26, Fed. R. Civ. P., including Rule 26(a). See Administrative Order No. 93-2, Dec. 6, 1993. Arguably, therefore, Haney would fall within the 1970 Advisory Committee Notes exception of an "actor or viewer" who is to "be treated as an ordinary witness."[3]

Under the 1993 amendments to Rule 26, Fed. R. Civ. P., which have been in force here since January 1, 1996, see Local Rule 26.1(b), witnesses "whose duties as an employee of the party regularly involve giving expert testimony," Rule 26(a)(2)(B), Fed. R. Civ. P., are included within the group of witnesses from whom is required full expert disclosure. Mr. Haney is within that description, for, as plaintiff points out, he has also been

---

[3]In relevant part, the 1970 Advisory Committee Notes to subdivision (b)(4) of Rule 26, Fed. R. Civ. P., provides:

> It should be noted that the subdivision does not address itself to the expert whose information was not acquired in preparation for trial but rather because he was an actor or viewer with respect to transactions or occurrences that are part of the subject matter of the lawsuit. Such an expert should be treated as an ordinary witness.

designated to give expert testimony in other pending litigation in the neighboring state of Massachusetts.

From what has been written, it is apparent that there is merit to the positions of each party. Accordingly, the court herewith rules that the motion to preclude is denied on condition that defendants furnish plaintiff with a full disclosure of Haney's proposed expert opinions pursuant to the current requirements of Rule 26, Fed. R. Civ. P., said disclosure to be made to plaintiff not later than February 15, 1996. The court further reopens and extends discovery to March 15, 1996, for the sole purpose of permitting plaintiffs, after they have had an opportunity to review Haney's report, to depose Mr. Haney. And in light of the foregoing extension, the court further extends the deadlines for the filing of pretrial material in this matter to March 25, 1996.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

January 11, 1996

cc:  M. Jeanne Trott, Esq.
     E. Donald Dufresne, Esq.

4